# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOTCHER COMPANY,<br><br>                  Plaintiff,<br>   vs.<br><br>MAXIMO VALADEZ, et al.,<br><br>                Defendants. | CASE NO. 14cv2644-LAB (DHB)<br><br>**ORDER DENYING AS MOOT MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF REMAND** |

      Defendant Linda Eyler, proceeding *pro se*, removed this unlawful detainer action from state court on November 6, 2014. The notice of removal argues that the Court has jurisdiction because the answer raises a defense based on federal law. Eyler also filed a motion to proceed *in forma pauperis*.

      The Court is obliged to examine its own jurisdiction, *sua sponte* if necessary, *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999), and to remand any removed action over which it lacks jurisdiction. 28 U.S.C. § 1447(c). Under the well-pleaded complaint rule, federal question jurisdiction only exists when the complaint is based on federal law; federal questions in defenses or counterclaims are insufficient. *Vaden v. Discover Bank*, 556 U.S. 49, 59–60, 70 (2009). Here, the claims arise under state law, so no federal question jurisdiction exists. The parties are not diverse and no other basis for the Court's exercise of jurisdiction is apparent.

Eyler's motion for leave to proceed *in forma pauperis* appears to be incomplete, because it lists an income that should be easily enough to pay her listed expenses with plenty left over to pay the filing fee. The motion also does not account for Eyler's co-defendants and their income and assets. In any case, because this case is being remanded, the motion is moot.

The motion to proceed *in forma pauperis* is **DENIED** as moot, and this action is **REMANDED** to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: November 10, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge